```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

UNITED STATES OF AMERICA,           :
      Plaintiff
                                                   :

      vs.                          :  CRIMINAL NO.  1:CR-91-186-01

                                                   :
ANDRES A. LUNA,
      Defendant                    :

*M E M O R A N D U M*

Defendant, Andres A. Luna, has filed a timely, pro se motion under Fed. R. Civ. P. 59(e) to alter or amend our order of April 4, 2005, denying his motion under Fed. R. Civ. P. 60(b)(5).[1]  The April 4 order denied relief from our order of February 18, 1994, which denied Luna's initial motion under 28 U.S.C. § 2255 to vacate his conviction and sentence.  The necessary background is in the memorandum accompanying the April 4 order.

Defendant argues that we mistakenly denied his Rule 60(b)(5) motion because it presented two procedural defects in

---

[1] The Rule 59(e) motion was docketed on April 20, but Luna affirms that he placed it with prison authorities for mailing on April 14, 2005, making that date the filing date under the prison mailbox rule. *See Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988).  Defendant can also use Rule 59(e) to challenge our order denying Rule 60(b) relief since the latter order is a final one from which an appeal will lie. *See* Fed. R. Civ. P. 54(a)("'Judgment' as used in these rules includes a decree and any order from which an appeal lies.")

the handling of his initial 2255 motion: (1) we had summarily dismissed his claim that his trial lawyer was ineffective in not presenting at sentencing Defendant's objections to the drug quantity as calculated in the presentence report, and this claim did indeed present within it a claim under *United States v. Booker,* ___ U.S. ___, 125 S.Ct. 738 (2005); and (2) we had mistakenly believed that we could determine the drug quantity by a preponderance of the evidence, and hence in light of *Booker* we abused our discretion in doing so.  Defendant stresses that he is merely asking us to correct procedural violations in the entry of the order denying 2255 relief, that this is proper by way of a Rule 60(b)(5) motion even if it means that eventually his criminal sentence will be vacated, and that we had, as he alleges, summarily dismissed his first claim in a "backdoor" order, "as if" it were frivolous.

We will deny the Rule 59(e) motion.  We explained in our April 4 memorandum why the ineffectiveness claim did not encompass a *Booker*-type claim.  Defendant's second claimed defect is in substance a *Booker* attack on his sentence, which must be presented in a motion under 28 U.S.C. § 2255.  We cannot consider such a motion until Defendant obtains a certificate from the Third Circuit allowing him to file one since he has already filed two.

As to Defendant's apparent complaint that our dismissal of his ineffectiveness claim was improper because done summarily, Rule 4(b) of the rules governing 2255 motions authorizes such summary dismissal as to one, or some of the claims, while requiring a response to others. *See* Advisory Committee Notes to Rule 4, incorporating advisory committee notes to Rule 4 of the rules governing 28 U.S.C. § 2254 petitions ("the judge may want to dismiss some allegations in the petition, requiring the respondent to answer only those claims which appear to have some arguable merit").

We will issue an appropriate order. Defendant is advised that: (1) he has sixty (60) days from the date of our order denying his motion to alter or amend to appeal that order as well as the order of April 4, 2005, denying his Rule 60(b)(5) motion; and (2) our denial of a certificate of appealability does not prevent him from appealing, as long as he also seeks a certificate of appealability from the court of appeals. *See* Federal Rule of Appellate Procedure 22.

                                          /s/William W. Caldwell  
                                          William W. Caldwell  
                                          United States District Judge

Date: April 22, 2005

```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,      :
         Plaintiff
                               :
         vs.                   :  CRIMINAL NO.  1:CR-91-186-01
                               :
ANDRES A. LUNA,
         Defendant             :
```

*O R D E R*

AND NOW, this 22nd day of April, 2005 it is ordered that:

    1.  Defendant's Motion (doc. 157) under Fed. R. Civ. P. 59(e) to alter or amend the order of April 4, 2005, (doc. 156) is denied.

    2.  A certificate of appealability is denied.

                                /s/William W. Caldwell
                                William W. Caldwell
                                United States District Judge